Upson, J.
The facts stated in the petition do not entitle the plaintiff to the relief prayed for. She must either affirm or repudiate her conveyance of the property. There cannot be a vendor’s ■lien unless there has been a sale — and the facts set forth in plaintiff’s petition do not show a sale by plaintiff, but her deed constituted said property a trust in James Marshman for plaintiff as the beneficiary. The means alleged by which Mashman obtained the legal title, to the property, render it unconscientious for him or his representatives as holders of the legal title, to retain or enjoy the beneficial interest. Equity impresses a constructive trust on the property thus acquired in favor of the plaintiff, who under the facts pleaded is equitably entitled to the same.
The plaintiff being the beneficiary of the trust, and the true owner of the property, may, under the state of facts set forth, ■compel the trustee and his representatives to convey the trust property, and to account for and pay over the rents and profits.
These principles are clearly expounded in Pomeroy’s Equity Jurisprudence, sections 1044, 1053, and 1058.
The demurrer is therefore sustained, and leave will be given .the plaintiff to amend her petition.